UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SEAN WAGENER,<br><br>   Plaintiff,<br><br> v.<br><br>HILLSTONE RESTAURANT GROUP, INC.,<br><br>   Defendant. | Case No.: SACV 22-01302-CJC (DFMx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND THE MATTER TO STATE COURT AND REQUEST FOR MONETARY SANCTIONS [Dkt. 12]** |

## I. INTRODUCTION & BACKGROUND

On March 3, 2022, Plaintiff Sean Wagener brought tort claims in California state court against Hillstone Restaurant Group, Inc., and Gulfstream Restaurant. (*See* Dkt. 1-1, Ex. A [Complaint] at 9.) Wagener resides in California, while Hillstone is a Delaware

corporation headquartered in Arizona, and Gulfstream (Wagener alleged initially) is a California-based institution. (*See id.* at 12; Dkt. 1 [Notice of Removal of Action Under 28 U.S.C. 1441(b)1 (Diversity); Declaration of Roger R. Bracken, hereinafter "Removal"] ¶¶ 4–5 at 4.) Wagener served the complaint on March 8, 2022. (*See* Removal ¶ 3 at 4; Dkt. 1-2 [Process Served in California] at 1.) As it turns out, however, Gulfstream is not a distinct legal entity but rather a "doing business as" name ("DBA") of Hillstone. (*See* Removal ¶ 6 at 2; Dkt. 1-3, Ex. C [Defendant Hillstone Restaurant Group, Inc.'s Answer to Complaint] at 1.) Wagener thus voluntarily dismissed his claims against Gulfstream on June 20, 2022. (*See* Removal ¶ 7 at 5.) Then on July 12, 2022, Hillstone removed the case to this Court, invoking its diversity jurisdiction. (*See id.* ¶ 7 at 2–3.) Now before the Court is Wagener's motion to remand this case to state court for failure to complete a timely removal and request for monetary sanctions. (*See* Dkt. 12 [Motion to Remand the Matter to State Court and Request for Monetary Sanctions]). For the following reasons, the motion and request are **DENIED**.[1]

## II.   DISCUSSION

"Federal courts are courts of limited jurisdiction" and possess "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A civil action brought in state court may be removed by the defendant only if the action could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits when more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. *See id.* § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 12, 2022, is hereby vacated and removed from the calendar.

construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The deadline for a defendant to remove a case from state to federal court is generally thirty days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b)(1)–(b)(2)(A). But "if the case stated by the initial pleading is not removable," a defendant may remove the case thirty "days after receipt . . . of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Wagener's sole basis for remanding this matter to state court is that Hillstone's removal was untimely. Wagener argues that Hillstone and Gulfstream were always one and the same, so diversity jurisdiction existed from the moment that he filed his complaint. Thus, according to Wagener, the thirty-day removal clock started ticking on March 8—when service was effectuated—and Hillstone's removal on July 12 was too late.

Not so. A "bright-line approach" based on an "objective analysis of the pleadings" governs removability. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). It "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. Only when removability is "unequivocally clear and certain" does the Section 1446(b)(3) thirty-day countdown commence. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). So it matters not for removability whether a defendant listed in a complaint, in fact, exists—only that it would *appear* from a complaint that a defendant

exists.² Looking solely at Wagener's state-court complaint, Gulfstream's purported California citizenship would defeat diversity jurisdiction. Removability therefore became unequivocally clear and certain after Wagener voluntarily dismissed Gulfstream on June 20, and Hillstone's removal on July 12 was timely.

Wagener cries that removal is nonetheless improper because Hillstone knew that Gulfstream was a DBA of Hillstone and thus had notice of removability well before the voluntary dismissal of Gulfstream. What Hillstone knew, however, is neither here nor there. Again, removability is not determined "through subjective knowledge" but an "objective analysis of the pleadings." *Harris*, 425 F.3d at 694, 697. Indeed, Wagener's gloss on the thirty-day limit would vitiate an express purpose of the "bright-line approach" to removability—"avoid[ing] the spectre of inevitable collateral litigation over . . . whether [a] defendant had subjective knowledge." *Id.* at 697. Wagener's asserted grounds for remand thus lack merit.³

## IV. CONCLUSION

For the foregoing reasons, Wagener's motion to remand and request for monetary sanctions are **DENIED**.

DATED:    September 6, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

² An exception is that "the citizenship of defendants sued under fictitious names [is] disregarded" when "determining whether a civil action is removable on the basis of" diversity jurisdiction. 28 U.S.C. § 1441(b)(1). That exception does not apply here.

³ Because remand is unwarranted, so is Wagener's request for costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c).